# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| Darrell Benson<br><br>        Plaintiff,<br><br>v.<br><br>Penn Credit Corporation,<br><br>        Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Miami, FL at all times relevant to this action.

2. Defendant is a Pennsylvania Corporation that maintained its principal place of business in Harrisburg, PA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Section 559.55 *et seq.* of the Florida Statutes ("FCCPA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the FCCPA, Florida Statutes §559.55(6).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to a creditor, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged obligation is a "debt" as defined by Florida Statutes §559.55(1)

14. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and Florida Statutes §559.55(2).

16. On or around October 1, 2012, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

17. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

18. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on or around March 1, 2013.

19. During this communication, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

20. During this communication, Plaintiff notified Defendant that Plaintiff was represented by an attorney with respect to the debt, provided Plaintiff's attorney's contact information, and notified Defendant that Plaintiff had filed a voluntary petition for bankruptcy in bankruptcy court.

21. Despite the above notices, Defendant telephoned Plaintiff in connection with the collection of the debt again at Plaintiff's place of employment on or around March 13 and March 29, 2013.

22. Defendant caused Plaintiff emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

25. In support hereof, Plaintiff incorporates paragraphs 16-20 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

27. In support hereof, Plaintiff incorporates paragraphs 16-20 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

29. In support hereof, Plaintiff incorporates paragraphs 16-20 as if specifically stated herein.

## COUNT FOUR

### Violation of the Florida Consumer Collections Practices Act

30. Defendant violated Florida Statutes §559.72(18) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

31. In support hereof, Plaintiff incorporates paragraphs 16-20 as if specifically stated herein.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:
    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to Florida Statutes §559.77(2).

c. Judgment against Defendant for punitive damages pursuant to Florida Statutes §559.77(2).

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Jacoby & Meyers Bankruptcy, LLP

By:    /s/ Adela D. Estopinan
     Adela D. Estopinan
     Bar # 25939
     3191 Coral Way, #115
     Miami, FL 33145
     Telephone: 866-339-1156
     Email: aestopinan@jacobymeyersbankruptcy.com
     Attorneys for Plaintiff